FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 2 6 2004

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BLAKE SCOTT,

     Plaintiff,

v.                            Civ. No. 04-241 MV/RLP

JOE ROMERO, Warden, *et al.*

     Respondents.

## MAGISTRATE JUDGE'S PROPOSED
### FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. The Petitioner was convicted by a jury of second degree murder and pled guilty to two other charges, not relevant to any of the claims brought in the petition. He was sentenced to a total term of 25 years' imprisonment and is currently incarcerated in a correctional facility in Hobbs, New Mexico. Exhibit A to Answer.

    2.    Petitioner and his wife were having marital difficulties and sometimes lived apart. During a period when they were living together, Petitioner observed his wife and the victim having lunch. Petitioner told his wife not to having lunch with him again and also confronted the victim. Petitioner's wife asked Petitioner to move out, which he did, but then moved back in October. Late one night Petitioner's wife awakened, found Petitioner gone, and saw that the victim had called three times at 12:02, 12:04, and 12:06 a.m. She called

---

[1] Within ten (10) days after a party is served with a copy of this "Proposed Findings and Recommended Disposition" (hereinafter, the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

15

the victim at his place of work.  They were talking when the phone was disconnected. Memorandum Opinion and Order, Exhibit E at 3.

3.      At trial Petitioner testified that when the victim called the house he made sexually graphic references to his relationship with Petitioner's wife.  When Petitioner left the house he took a mask and a briefcase containing a gun and drove to the victim's place of employment, a convenience store.  He waited outside for a while before he went in to the store.  He admitted shooting the victim as he stood by the cash register and then following him to the back of the store where he shot him several more times. *Id.* Petitioner was convicted of second-degree murder.

4.      In his direct appeal, Petitioner argued that the court should have instructed the jury on voluntary manslaughter and that his sentence was improperly aggravated.  The verdict and sentence were affirmed by the New Mexico Court of Appeals ("COA") *Id.* He filed a petition for writ of certiorari, Exhibit F, which was denied, Exhibit G.  Petitioner then filed a state court habeas petition, Exhibit H, raising, *inter alia*,  ineffective assistance of counsel,, Fourth Amendment violations, and *Brady* violations.  The court rejected the petition.  Exhibit I.  Petitioner filed a petition for writ of certiorari, Exhibit J, which was denied, Exhibit K.

5.      Petitioner raises five grounds for relief:  (1) ineffective assistance of counsel; (2) violation of his Sixth Amendment rights; (3) *Brady* violation by the prosecution; (4) violation of his due process rights by the court's failure to give a "proper" jury instruction; and (5) denial of access by prison officials to legal materials.

2

6.      Respondents have filed a Motion to Dismiss.  They argue this is a mixed petition because the fifth claim, denial of access to legal materials, has never been put before the state court. This is not a mixed petition because Petitioner's fifth asserted claim is more properly brought under 42 U.S.C. § 1983, not § 2254.  That claim should be dismissed without prejudice.  As for the remaining four claims, Respondents argue that claims 2 and 3 have been procedurally defaulted because they should have been raised on direct appeal and that claims 1 and 4 are without merit.

7.      Claim 2 is stated as a Sixth Amendment claim and Claim 3 argues a violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Petitioner states that his constitutional rights were violated when the trial court would not let him present exculpatory or rebuttal evidence and limited his own testimony.  Petitioner also argues that the prosecution withheld letters that he himself had written to his mother-in-law and then only put part of the letters into evidence.

8.      The court agrees that these claims are procedurally defaulted, but they are also without merit.  Petitioner fails to set forth any underlying facts as to Claim 2; thus, the court is unaware of *what* exculpatory or rebuttal evidence Petitioner believes he had, and *how* the court limited his testimony and *what* that testimony would have been.  Similarly, Petitioner's *Brady* claim is unavailing.  That case held "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Petitioner wrote the letters himself; he does not indicate what was in the letters or how his own words would have helped him.  This claim is without merit.

3

9.     Claim 4 argues that the jury should have been given an instruction on voluntary manslaughter.  He raised this issue unsuccessfully on direct appeal and now seeks habeas relief.  In this circuit, "a petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction, 'even if in our view there was sufficient evidence to warrant the giving of an instruction on a lesser included offense.'"  *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993) (citation omitted), *cert. denied*, 510 U.S. 1120 (1994).

10.     The COA, in discussing this issue, noted that Petitioner had been aware of the victim's relationship with his wife for some time; that Petitioner purposefully drove to the victim's place of employment with a gun; and that Petitioner waited outside for a few minutes before entering the store.  Even if the victim had used "graphic" language to enrage Petitioner, the fact that Petitioner shot the victim and then followed him to the back of the store to shoot yet again belies "provocation."  Finally, Petitioner testified at trial how he used his left-hand to shoot the victim to "hide" his identify.

11.     All of these facts, the COA found, indicated that this was not voluntary manslaughter, which requires provocation in the nature of threats or a temporary loss of control.  Neither were present in this case.  Memorandum Opinion and Order at 5-8.  The COA's analysis and conclusion did not result in a decision contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented at trial.  28 U.S.C. §§ 2254(d)(1), (2).  Accordingly, this claim is without merit.

4

12.     Finally, Petitioner argues he received ineffective assistance of counsel at trial.
To prevail on a claim of ineffective assistance, the defendant must show both (i) that
counsel's performance was constitutionally deficient and (ii) that deficient performance
deprived the defendant of a fair trial with a reliable result. *Strickland v. Washington*, 466
U.S. 668, 687 (1984).

13.     Petitioner's ineffective assistance claim is premised on counsel's agreement
to admit into evidence a taped conversation between Petitioner and his mother. This claim
was raised in his state habeas petition. In its order denying relief, the court stated:

> The tape recording was highly prejudicial to the defendant. It
> is difficult to imagine any plausible trial strategy or tactic that
> would necessitate admitting this evidence without objection.
> . . .
> According to trial testimony, the defendant made his telephone
> call while in custody at the Las Cruces Police Department
> using a police telephone. The defendant told the detectives
> that he would not mention what had happened over the phone
> and that he would not admit guilt. Under these circumstances,
> the defendant was certainly on notice that his telephone call
> was not private. . . .   The defendant had no reasonable
> expectation of privacy in the telephone call.
> . . .
> A motion to suppress the tape recording would have been
> futile. Trial counsel is not ineffective for failing to file futile
> motions.

Exhibit I, ¶¶ 15-17.

14.     An intercepted phone conversation may implicate the Fourth Amendment.
*See Katz v. United States*, 389 U.S. 347, 352-53 (1967). The issue is whether there was
a reasonable expectation of privacy. *United States v. Turner*, 209 F.3d 1198,1200-01
(10th Cir.), *cert. denied*, 531 U.S. 887 (2000)). As stated by the Tenth Circuit Court of

5

Appeals:

> Even if defendant reasonably believed his calls were private
> and protected by the Fourth Amendment, no prisoner should
> reasonably expect privacy in his outbound telephone calls.
> Although prisoners do not forfeit all their privacy rights at the
> jailhouse steps, they do have those rights severely curtailed.

*United States v. Gangi*, 57 Fed.Appx.809, 814 (10th Cir. 2003) (unpublished opinion)
(internal quotation marks and citations omitted).

15.     The state court found that counsel's agreeing to have the tape recorded
conversation admitted into evidence was constitutionally defective, meeting the first
*Strickland* prong.  The court then noted that petitioner advised the police detectives that
he would not mention the case or admit guilt.  The foregoing statement of the law and
these facts indicate that petitioner had no reasonable expectation of privacy.  Therefore,
the petitioner cannot meet the second prong of *Strickland*, that of prejudice.  A motion to
suppress would have been futile and counsel is not deemed ineffective for failing to
advance a futile motion.  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir.
1994).

## RECOMMENDED DISPOSITION

I recommend that Petitioner's claim that he has been denied access to legal
materials be dismissed **without prejudice** as discussed herein.  I recommend that with
respect to the remaining claims that Respondents' Motion to Dismiss [Doc. 11] be granted
and those claims are dismissed **with prejudice**.

Richard L. Puglisi
United States Magistrate Judge

6